IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARGARITA BRUNO CONCEPCIÓN**<br><br>Appellant,<br><br>v.<br><br>**BANCO POPULAR DE PUERTO RICO, et al.**<br><br>Appellee. | Civil No. 20-1720 (PAD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on appeal of an order of the United States Bankruptcy Court dismissing debtor Margarita Bruno Concepción's ("Appellant") bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. Appellant's brief was filed on March 19, 2021. Docket No. 5. Banco Popular de Puerto Rico's ("BPPR") brief was filed on March 29, 2021. Docket No. 6. On April 19, 2021, the matter was referred to the undersigned for a Report and Recommendation. Docket No. 7. For the reasons discussed below, the undersigned recommends that the United States Bankruptcy Court's dismissal of Appellant's Chapter 13 petition and its denial of Appellant's motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure be **AFFIRMED**.

**I.      Background**

On November 1, 2019, Appellant filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Case No. 19-6453 (ESL) at Docket No. 1. On that same day, Appellant filed its proposed Chapter 13 plan. Id. at Docket No. 2. The plan proposed a base of $3,294.00 with 60

Case 3:20-cv-01720-PAD-GLS     Document 8     Filed 06/17/21     Page 2 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

monthly installments of $54.90. Id. On April 27, 2020, the Chapter 13 trustee filed an unfavorable report on confirmation of the plan. Id. at Docket No. 27. The reasons provided by the Chapter 13 trustee for the unfavorable recommendation were that the plan was not feasible, was insufficiently funded, failed the disposable income test, failed the liquidation value test, did not provide for the payment of the secured creditor's claim, and the debtor had failed to disclose information. Id.

On June 3, 2020, the Chapter 13 trustee filed a motion to dismiss the bankruptcy petition under 11 U.S.C. § 1307 and 11 U.S.C. § 521 and/or 11 U.S.C. § 1325. Id. at Docket No. 31. As required by the Bankruptcy Court for the District of Puerto Rico's Local Rule 9013-1(c)(2), the motion included a notice which advised Appellant of her right to object to the dismissal within thirty (30) days (plus three (3) additional days provided for in Fed.Bank.P. 9006(f)) and warned Appellant that failure to file a timely objection could result in the motion deemed unopposed and granted unless: "(i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise." Id. Appellant did not file an opposition to the motion to dismiss.

On July 13, 2020, the Bankruptcy Court deemed the Chapter 13 trustee's motion to dismiss unopposed and issued an order dismissing Appellant's bankruptcy petition "for the reasons stated in the motion to dismiss". Id. at Docket No. 34. Appellant filed a Motion for Reconsideration of Dismissal and For Conversion to Chapter 11 on July 23, 2020 at Docket No. 36, a corrected version on July 31, 2020 at Docket No. 39, and a second corrected version on August 7, 2020 at Docket No. 42. Id. Appellant argued that, for technical reasons, counsel for Appellant, albeit receiving an email with the notice of filing of the motion to dismiss, had failed to find the motion in his inbox in order to object in a timely manner. Appellant also argued that she had been unable to cure arrears due to inability to work as a result of the COVID-19 pandemic, that the case should be converted

Case 3:20-cv-01720-PAD-GLS    Document 8    Filed 06/17/21    Page 3 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

to one under Chapter 11, and that, even though, admittedly, the viability of the plan depended on the outcome of an adversary proceeding against BPPR, as a matter of equity, the order dismissing Appellant's bankruptcy petition should be set aside. Id. at Docket Nos. 36, 39 and 42. Other than the matter of the arrears, Appellant did not address any of the reasons for dismissal included by the Chapter 13 trustee in the motion to dismiss. Appellant also filed a motion to convert the case to Chapter 11. Id. at Docket No. 43.

On August 12, 2020, BPPR filed an opposition to Appellant's motion for reconsideration and request for conversion to Chapter 11, which was supplemented on August 25, 2020. Id. at Docket Nos. 44 and 46. Appellant replied on August 27, 2020. Id. at Docket No. 48. Appellant then supplemented her request for reconsideration by submitting evidence that she had authorized automatic deductions from her bank account for the monthly payments under the plan. Id. at Docket No. 50. On November 20, 2020, the Bankruptcy Court denied Appellant's motion for reconsideration "for the reasons stated in the opposition filed by Banco Popular de Puerto Rico (docket #44), which this court adopts." Id. at Docket No. 55. This appeal followed.

On appeal, Appellant argues that the Bankruptcy Court erred by issuing an order dismissing her bankruptcy petition without making findings of fact and conclusions of law. This, the Appellant argues, violated her right to due process. Appellant also argues that the Bankruptcy Court erred by dismissing her bankruptcy petition for failure to make the monthly payments when Appellant had authorized the automatic debit of the monthly payments under the plan. This Report and Recommendation addresses Appellant's arguments in this same order.

Case 3:20-cv-01720-PAD-GLS   Document 8   Filed 06/17/21   Page 4 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

## II. Discussion

**A. Jurisdiction of the United States District Court for the District of Puerto Rico**

Pursuant to 28 U.S.C. § 158(a)(1), the United States District Court has jurisdiction to hear appeals from final judgments, orders or decrees issued by a United States Bankruptcy Court. Under Rule 9023 of the Federal Rules of Bankruptcy Procedure, a motion for a new trial or to alter or amend judgment must be filed within fourteen (14) days of the entry of judgment. Fed.Bank.P. 9023. Motions under this rule are treated as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. See Surita Acosta v. Reparto Saman Inc. (In re Surita Acosta), 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Under Rule 8002(b) of the Federal Rules of Bankruptcy Procedure, a party who has filed a motion to alter or amend a judgment under Rule 9023 of the Federal Rules of Bankruptcy Procedure has fourteen (14) days from the entry of the order disposing of such a motion to file its notice of appeal. Fed.Bank.P. 8002(b).

The Bankruptcy Court issued its order dismissing Appellant's case on July 13, 2020. Case No. 19-6453 at Docket No. 34. Appellant filed its first motion for reconsideration on July 23, 2020. Id. at Docket No. 36. Appellant's motion for reconsideration was denied on November 20, 2020. Id. at Docket No. 55. Appellant filed her notice of appeal on December 3, 2020. Id. at Docket No. 57. The Court has jurisdiction to entertain the instant appeal.

**B. Standard of Review**

Findings of fact made by bankruptcy courts are reviewed for clear error whereas conclusions of law are reviewed *de novo*. See In re Fuentes-Padilla, 534 B.R. 77, 79 (Bankr. D.P.R. 2015) (citing In re Soto, 491 B.R. 307, 311 (B.A.P. 1st Cir. 2013)). Where the issue on appeal is one of statutory interpretation, a review *de novo* is warranted. See Wiscovitch-Rentas v. Plastic Piping Prod. of Puerto Rico, Inc., 2009 WL 393639 at *1 (Bankr. D.P.R. 2009) (citing In re San

Case 3:20-cv-01720-PAD-GLS    Document 8    Filed 06/17/21    Page 5 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

Miguel Sandoval, 327 B.R. 493, 506 (B.A.P. 1st Cir. 2005)). When the decision of the Bankruptcy Court is discretionary, the appellate court applies an abuse of discretion standard of review. Id. (quoting 9E Am. Jur.2d Bankruptcy § 3512 (2004)). "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." In re Fuentes-Padilla, 534 B.R. at 79 (citing Perry v. Warner (In re Warner), 247 B.R. 24, 25 (B.A.P. 1st Cir. 2000)).

### C. Issues on Appeal

**1. Absence of Findings of Facts and Conclusions of Law in the Bankruptcy Court's Orders Dismissing the Chapter 13 Bankruptcy Petition and Denying Reconsideration.**

The motion to dismiss filed by the Chapter 13 trustee in this case was premised on the following grounds: (1) debtor had four (4) months in arrears with the trustee, (2) debtor was not disclosing any payment for mortgage, (3) lack of disclosure of income from September and October 2019, (4) need to review duplicate information, (5) the disclosed gross income was incorrect, (6) value of the real property was not disclosed, (7) property and value of interest in an inheritance was not disclosed, (8) value of CRIM reimbursement and of claim against BPPR was not disclosed, (9) pending adversary proceeding against BPPR, (10) pending proof of claim filed by BPPR on account of pre-petition mortgage arrears of approximately $41,000.00, which could affect feasibility of the plan, (11) failure to disclose complete number of previous bankruptcy petition, (12) no creditors disclosed in certain portions of the plan, (13) incomplete information as to attorney fees, (14) incomplete information as to lease payments, and (15) disclosure of possession of clothing and furniture belonging to others. Case No. 19-6453 (ESL) at Docket No. 31. Despite having reasonable notice and opportunity for hearing, Appellant did not oppose. The

Case 3:20-cv-01720-PAD-GLS    Document 8    Filed 06/17/21    Page 6 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

Bankruptcy Court issued an order deeming the motion unopposed and dismissing the case incorporating by reference the reasons set forth by the Chapter 13 trustee in his motion. Id. at Docket No. 34.

Appellant's first argument on appeal is that the Bankruptcy Court's failure to make separate findings of fact and conclusions of law in its orders dismissing Appellant's bankruptcy petition and denying reconsideration is contrary to Rule 7052 of the Federal Rules of Bankruptcy Procedure and runs afoul her due process rights. The Court disagrees. In short, while the requirement of Rule 52(a)(1) of the Federal Rules of Civil Procedure for courts to issue findings of facts and conclusions of law applies to contested matters in bankruptcy and motions to dismiss are considered contested, the Bankruptcy Court complied with such a requirement when it incorporated by reference the undisputed facts asserted by the Chapter 13 trustee in support of his request for dismissal. And, alternatively, the Bankruptcy Court could use its discretion to dispose of such a requirement in light of the exception of Rule 52(a)(3) which allowed the Bankruptcy Court to forego such a requirement "on any other motion" where— as in this case— there were no factual issues on dispute for adjudication. Further, the requirement that trial courts issue findings of facts and conclusions of law does not apply to the adjudication of motions for reconsideration or motions under Rule 9023 of the Federal Rules of Bankruptcy Procedure.

Rule 52 of the Federal Rules of Civil Procedure states, *inter alia*, that in any action tried on the facts without a jury, the court is required to "find the facts specifically and state its conclusions of law separately." Fed.R.Civ.P. 52(a)(1). However, in its subsection (a)(3), Rule 52 also states that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.". Fed.R.Civ.P. 52(a)(3). Disputes in bankruptcy cases can be divided in three broad categories: (1) adversary

Case 3:20-cv-01720-PAD-GLS   Document 8   Filed 06/17/21   Page 7 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

proceedings, (2) administrative proceedings, and (3) contested matters. 10 Collier on Bankruptcy ¶ 9014.01. Rule 7052 of the Federal Rules of Bankruptcy Procedure states that Rule 52 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed.Bank.P. 7052. Further, pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, Rule 7052 (and, consequently, Rule 52 of the Federal Rules of Civil Procedure) also applies to contested matters. Fed.Bank.P. 9014(c); In re Kempner, 152 B.R. 37, 40 (D. Del. 1993) ("Bankruptcy Rule 9014 sets forth the procedures to be followed by the Bankruptcy Court in adjudicating contested matters. Among the procedural rules explicitly stated therein as applying to contested matters is Bankruptcy Rule 7052."). The matter on appeal is not a dismissal of an adversary proceeding but the dismissal of a bankruptcy petition, which is a contested matter.

While in the civil context the court is not required to make findings of facts and conclusions of law when ruling on a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, in the bankruptcy context, when a motion becomes contested (and subject to the procedural requirements of Rule 9014 of the Federal Rules of Bankruptcy Procedure), the requirement that findings be made by the trial court may become applicable notwithstanding the exception set forth in Rule 52(a)(3). 10 Collier on Bankruptcy ¶ 7052.02; In re Hotel Hollywood, 95 B.R. 130 (B.A.P. 9th Cir. 1988). Generally, motions to dismiss in bankruptcy are contested matters and thus may be subject to the requirements of Rule 9014. 10 Collier on Bankruptcy ¶ 9014.01; W.L. Norton III, Norton Bankruptcy Law and Practice 3D, Editor's Comments to Fed.Bank.P. 9014 at page 661 (2020 ed).

The motion to dismiss filed by the Chapter 13 trustee was premised on 11 U.S.C. § 1307. Section 1307(c) of the Bankruptcy Code provides that, on request by a party in interest or the United States trustee, the court may dismiss a case under Chapter 13 for cause. 11 U.S.C. §

Case 3:20-cv-01720-PAD-GLS   Document 8   Filed 06/17/21   Page 8 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

1307(c). The statute provides a non-exhaustive list of what constitutes cause for dismissal. Id. For instance, cause for dismissal may include unreasonable delay by the debtor that is prejudicial to creditors, failure to commence or make timely payments under the proposed plan, and failure to file in a timely manner information required under 11 U.S.C. §§ 521(a)(1) and 521(a)(2), including, list of creditors, assets, liabilities, value of property, income, and expenditures. See 11 U.S.C. §§ 521(a)(1) and 521 (a)(2). Id. Rule 1017(c) of the Federal Rules of Bankruptcy Procedure governs dismissals of petitions under Chapter 13 for failure to submit information in a timely manner, including motions to dismiss filed by the Chapter 13 trustee. Id.; Fed.Bank.P. 1017(c). Per Rule 1017(f), the procedure for dismissal under 11 U.S.C. § 1307 is governed by Rule 9014. Fed.Bank.P. 1017(f). In turn, Rule 9014 provides that dismissals may be requested by motion and should allow for reasonable notice and opportunity for hearing. Fed.Bank.P. 9014.

Per the above, in principle, the motion to dismiss filed by the Chapter 13 trustee in this case was a contested matter which could require compliance with the requirements of Rule 52(a)(1) of the Federal Rules of Civil Procedure. However, in a case such as this one, where Appellant failed to file an opposition to the motion to dismiss despite having received reasonable notice and opportunity for hearing, and the motion was thus adjudicated as unopposed, the Bankruptcy Court's order adopting by reference the facts and conclusions of law submitted by the Chapter 13 trustee in support of its unopposed motion to dismiss suffices.

The purpose of the requirement in Rule 52(a)(1) of Federal Rules of Civil Procedure that trial courts issue findings of facts and conclusions of law is to aid the appellate court by affording a clear understating of the basis of the decision of the trial court and to evoke care on the part of the trial judge in ascertaining and applying the facts. 9C Wright and Miller Federal Practice and Procedure: Civil 3d (2008) at §2571. In the instant appeal, the record is clear as to the basis for the

Bankruptcy Court's ruling on the motion to dismiss. Upon there being no opposition by the Appellant, the Bankruptcy Court adopted all the facts discussed by the Chapter 13 trustee in its motion and concluded, as alleged by the Chapter 13 trustee, that dismissal was warranted under 11 U.S.C. § 1307 and 11 U.S.C. § 521 and/or 11 U.S.C. § 1325, on those same grounds. Case No. 19-6453 (ESL) at Docket No. 31. Therefore, this Court, sitting on appeal, need only review the Chapter 13 trustee's motion to dismiss to determine the factual and legal grounds relied upon by the Bankruptcy Court to order the dismissal of the bankruptcy petition. The purpose of Rule 52(a)(1) in this case was thus satisfied when the Bankruptcy Court incorporated by reference all undisputed factual allegations of the Chapter 13 trustee in its order dismissing Appellant's bankruptcy petition. See Ribkov Realty Corp. v. Neck Road One Realty, LLC (In re Ribkov Realty Corp.), 1999 WL 529557 *10 (E.D.N.Y.) (when the basis for the decision is clear there is no need to make findings of fact or conclusions of law in converting case from Chapter 11 to Chapter 7); In re Tiana Queen Motel, Inc., 749 F.2d 146, 151 (2d Cir. 1984) (when transcripts of hearings sufficiently disclose the legal and factual bases for an order of conversion, there is no need for explicit findings of fact and conclusions of law); In re Kempner, 152 B.R. 37, 41 (D. Del. 1993) (oral orders that sufficiently explain rationale of denial of motion to dismiss provide for meaningful appellate review and do not violate the requirements of Bankruptcy Rule 7052); In re Matter of Plaza Family Partnership, 95 B.R. 166, 169 (Bankr. E.D. Cal. 1988) (bankruptcy court's failure to make findings of fact or articulate the basis for its conclusions when ruling on motion did not require remand when the record clearly indicates the basis for rulings); In re Campfire Shop, Inc., 71 B.R. 521, 524–25 (Bankr. E.D. Pa. 1987) ("the district court, being aware of the language of F.R.Civ.P. 52(a) and the enormous quantity of matters before us for disposition, will remand matters appealed to that court to us to make detailed findings of fact only where it is

Case 3:20-cv-01720-PAD-GLS   Document 8   Filed 06/17/21   Page 10 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

necessary to assist the district court in reviewing our dispositions."); In re Wilson, 168 B.R. 90, 91 (Bankr. M.D.N.C. 1994) ("All that is required is that the bankruptcy judge make the basis of his ruling clear and, thus, reviewable.").

There are no specific format requirements for findings of facts and conclusions of law. 9 Moore's Federal Practice, § 52.13[1][b] (Matthew Bender 3d Ed.). To this end, Rule 52(a)(1) does not forbid the practice of verbatim or near-verbatim adoption of the proposed findings of a party or the trial court's adoption of a party's version of findings or conclusions, especially when the other party has failed to submit findings or conclusions of its own. Id. at § 52.14 (discussing Falcon Construction Co. v. Economy Forms Corp., 805 F.2d 1229, 1232 (5th Cir. 1986); Bright v. Land O'Lakes, Inc., 844 F.2d 436, 440 (7th Cir. 1988)). As such, the Bankruptcy Court's decision to incorporate by reference the undisputed facts asserted by the Chapter 13 trustee in its motion to dismiss sufficiently complied with the requirement of Rule 52(a)(1) of the Federal Rules of Civil Procedure. See W.L. Norton III, Norton Bankruptcy Law and Practice 3D, Editor's Comments to Fed.Bank.P. 7052 at page 477 (2020 ed); see also Morgan v. Bruce, 1993 WL 786892, at *12 (S.D. Miss. Feb. 1, 1993) (when the motion on the record is thorough and fact specific, incorporation of such findings and arguments to the Bankruptcy Court's order satisfies Rule 52(a)); In re Konidaris, 87 B.R. 846, 849 (Bankr. E.D. Pa. 1988) (there is no authority requiring "generally procedural format of producing specific Findings of Fact and Conclusions of Law" in deciding motions in the bankruptcy context).

Further, and in any event, the Bankruptcy Court had discretion not to issue findings of facts and conclusions of law in this case as the motion to dismiss was unopposed and there were no factual issues on dispute for adjudication. Pursuant to Rule 52(a)(3) of the Federal Rules of Civil Procedure, "[t]he court is not required to state findings or conclusions when ruling on a motion

10

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.". Fed.R.Civ.P. 52(a)(3). Although motions to dismiss are contested matters and, therefore, subject to the requirements of Rule 7052 of the Federal Rules of Bankruptcy Procedure, this rule is to be interpreted narrowly, allowing bankruptcy courts "broad discretion in deciding whether it is necessary to issue any findings of fact and/or conclusions of law in deciding motions which come before [the court]".[1] In re Campfire Shop, Inc. 71 B.R. at 524 ("nothing in the federal rules requires us to make any specific findings of fact or conclusions of law on any motions before us except those pursuant to F.R.Civ.P. 41(b)"). The reason for this is a practical one: "[g]iven the vast quantity of motions, a good number of which are to some degree contested, which come before bankruptcy judges for disposition daily, invocation of the caveat of the last sentence of F.R.Civ.P. 52(a) serves what we believe to be the salutary purpose of preserving the sanity of bankruptcy judges." Id. at 525. As such, bankruptcy courts enjoy broad discretion in deciding whether it is necessary to issue any findings of fact and conclusions of law in deciding motions which come before the court. Id. at 524 ("it is totally within the discretion of the bankruptcy judges as to whether they wish to make any specific findings of fact and/or conclusions of law, or wish to issue any directive except an order unaccompanied by any explanation whatsoever in deciding any [m]otion, except for a [m]otion for involuntary dismissal.").

Given that Appellant failed to oppose the Chapter 13 trustee's motion to dismiss, the Bankruptcy Court appropriately exercised its discretion in dismissing Appellant's bankruptcy petition without rendering separate findings of facts and conclusions of law. See e.g., In re

---

[1] Indeed, see W.L. Norton III, Norton Bankruptcy Law and Practice 3D, Editor's Comments to Fed.Bank.P. 7052 at page 478 (2020 ed), where, in comments to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the editor states that "[s]ince most contested matters are brought on by motion, it would appear that findings of fact and conclusions of law are not necessary as to those contested matters."

Case 3:20-cv-01720-PAD-GLS  Document 8  Filed 06/17/21  Page 12 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

Kempner, 152 B.R. at 40–41 (a motion to dismiss a Chapter 7 petition "clearly falls" within the ambit of the Rule 52(a)(3) exception); Gilliland v. Fifth Third Mortg. Co., 2015 WL 5785702, at *5 (S.D. Ind. Sept. 30, 2015) (bankruptcy court did not err when it failed to make findings of facts in its order granting motion to dismiss); In re Mosley, 85 B.R. 942, 945 (Bankr. E.D. Pa. 1988) (no factual findings needed when facts are undisputed). See also In re Hotel Hollywood, 95 B.R. at 134 (considering the discretionary nature of Rule 9014 and stating that when motions are not in fact contested or require minimal dispute resolution, "the procedures relating to conduct and disposition of substantial disputes may be dispensed with.").

As to Appellant's arguments with respect to the Bankruptcy Court's denial of its motion for reconsideration, the Court notes that the Bankruptcy Court's order denying Appellant's motion for reconsideration stated that such a denial was "for the reasons stated in the opposition filed by Banco Popular de Puerto Rico (Docket #44), which this court adopts." Case No. 19-6453 (ESL) at Docket No. 55. The Bankruptcy Court thus adopted by reference all the factual and legal arguments raised by BPPR in its opposition and, consequently, the appellate court has a clear understanding of the basis of the trial court's decision and is able to determine the grounds on which the trial court reached its decision. And, in any event, the law is clear that the Bankruptcy Court did not have to issue findings of facts and conclusions of law in denying Appellant's motion under Federal Rule of Bankruptcy Procedure 9023. See 9C Wright and Miller Federal Practice and Procedure: Civil 3d § 2575 (motions for relief from judgment are exempted from Rule 52(a)(1) findings of facts and conclusions of law requirement because they fall under the "any other motion" exception of Rule 52(a)(3)); see also Cusano v. Klein, 485 F. App'x at 178 ("[T]he district court's treatment of Cusano's motion to reconsider did not violate his due process rights […] [because] Rule 52 does not require the district court to make findings of fact when ruling on a motion for

Case 3:20-cv-01720-PAD-GLS   Document 8   Filed 06/17/21   Page 13 of 17

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

reconsideration."); Beitel v. OCA, Inc. (In re OCA., Inc.), 551 F.3d 359, 373 (5th Cir. 2008) (courts are not required to state findings or conclusions in motions under Rule 60(b) of the Federal Rules of Civil Procedure).

Lastly, at no point in time, neither in reconsideration nor before this Court on appeal, has the Appellant argued that the dismissal of the bankruptcy proceeding by the Bankruptcy Court was "forbidden by law or against public policy". See Bankruptcy Court for the District of Puerto Rico's Local Rule 9013-1(c)(2). The Appellant also failed, when she moved for reconsideration, to argue to the Bankruptcy Court that separate findings of facts and conclusions of law were warranted in this case. This argument was made for the first time on appeal. However, case law in the First Circuit is clear in that "arguments not raised in the district court cannot be raised for the first time on appeal." Rockwood v. SKF USA Inc., 687 F.3d 1, 9 (1st Cir.2012) (citing Sierra Club v. Wagner, 555 F.3d 21, 26 (1st Cir.2009)). Therefore, even if the Court were to be persuaded by Appellant's arguments under Rule 7052 of the Federal Rules of Bankruptcy Procedure, which this Court is not, any arguments raised by Appellant for the first time on appeal have been waived. See In re Aja, 441 B.R. 173, 178 (B.A.P. 1st Cir. 2011).

   **2. Failure to Cure Monthly Arrears.**

For the first time on reconsideration before the Bankruptcy Court and again before this Court, Appellant urges the Court to conclude that, because she submitted evidence that she had authorized the automatic debit of the monthly payments under the plan, the arrears alleged by the U.S. trustee should not have been grounds for dismissal. This Court begs to differ.

Rule 9023 of the Bankruptcy Code incorporates Rule 59(e) of the Federal Rules of Civil Procedure. Fed.Bank.P. 9023. Rule 59(e) of the Federal Rules of Civil Procedure allows for the filing of motions to alter or amend judgments. Fed.R.Civ.P. 59(e). Although technically the rule

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

does not provide for requests for reconsideration, motions for reconsideration in the First Circuit are treated as motions under Rule 59(e). In re Nieves Guzmán, 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017). The standard, however, is an extremely stringent one. "A party moving for relief under Rule 59(e) must (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law." In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 427 F. Supp. 3d 260, 263 (D.P.R. 2019) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). And because it is an extraordinary remedy which is to be granted sparingly, it is settled beyond any dispute that motions under Rule 59(e) are not a vehicle "for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015) (citation and internal quotation marks omitted); Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 45 (1st Cir. 2020) ("It is settled beyond hope of contradiction that, at least in the absence of exceptional circumstances, a party may not advance new arguments in a motion for reconsideration when such arguments could and should have been advanced at an earlier stage of the litigation."); Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014); Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). Rule 59(e) motions are thus "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). This is also the standard in the bankruptcy context. See In re Nieves Guzmán, 567 B.R. at 866; In re Pabón Rodríguez, 233 B.R. 212, 219 (Bankr. D.P.R. 1999).

Appellant did not oppose the Chapter 13 trustee's motion to dismiss and the same was deemed unopposed. Case No. 19-6453 at Docket Nos. 34. The argument raised by Appellant in this appeal to solicit a reversal of the Bankruptcy Court's order— that she had authorized the automatic debit of the monthly payments from her bank account— was not raised until September 9, 2020, when she supplemented her request for reconsideration long after the Bankruptcy Court had ruled on the Chapter 13 trustee's motion to dismiss. Id. at Docket Nos. 34 and 50. And such an argument was not even raised in the first of three motions for reconsideration filed by Appellant. Indeed, the argument made by Appellant on those three motions was that she was unable to make the monthly payments under the plan because she had no work due to the COVID-19 pandemic. See id. at Docket Nos. 36, 39 & 42.

The law is clear. Rule 59(e) is not to be used to raise new arguments for initial consideration. Therefore, when Appellant failed to oppose the motion to dismiss and raise the argument now asserted in a timely fashion — that automatic debits were authorized and that she should not be deemed on default of her monthly payments under the plan— she waived the argument and the Bankruptcy Court appropriately denied reconsideration. See e.g., In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 427 F. Supp. 3d at 264 (failure to raise argument in response to objection to claim merits denial of reconsideration); In re Rosado, 561 B.R. 598 (B.A.P. 1st Cir. 2017) (affirming denial of reconsideration due to failure to raise argument in opposition to underlying motion); U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 125–26 (1st Cir. 2013) (argument raised for first time on reconsideration is deemed waived); Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d at 46 (arguments are foregone if raised for the first time on reconsideration).

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

Appellant has not explained why the evidence of having authorized the automatic debit was not available before the Bankruptcy Court ruled on the Chapter 13 trustee's motion to dismiss. Indeed, a review of the documents in Exhibit 1 of Docket No. 50 reveals otherwise. The document has a stamped date of January 16, 2019 and it is signed by the Appellant. See Case No. 19-6453 at Docket Nos. 50-1. It thus follows that the evidence was available— not newly discovered— prior to the Bankruptcy Court order dismissing the petition on July 13, 2020. And that, at the very least (even if Appellant did not have a copy of the document at the time), Appellant, who signed the form, knew that such an automatic debit had been authorized for the monthly payments under the plan and would have been able to make the argument in a timely manner. See Aybar v. Crispin-Reyes, 118 F.3d at 17 (even though appellant provided evidence of actual error in fact in its second motion to reconsideration, reconsideration was not warranted when such evidence was not new nor unavailable prior to judgment).

Further, Appellant has not explained how this evidence, even if accepted by the Bankruptcy Court, could have led to the denial of the motion to dismiss. The fact of the matter is that the evidence submitted by Appellant could not have altered the course. First, the document at Exhibit 1 of Docket No. 50 is in Spanish. Case No. 19-6453 at Docket Nos. 50-1. No certified English translations were furnished to the Bankruptcy Court before it issued the order denying reconsideration nor to this Court for the instant appeal. Therefore, neither the Bankruptcy Court nor this Court could consider such a document. See Local Rule 5(c) of the United States District Court for the District of Puerto Rico; Local Rule 30.0(e) of the United States Court of Appeals for the First Circuit; Estades-Negroni v. Assocs. Corp. of N. Am., 359 F.3d 1, 2 (1st Cir. 2004); In re Cruz Rivera, 600 B.R. 132, 140 n. 10 (B.A.P. 1st Cir. 2019). Second, even if the Bankruptcy Court would have accepted Appellant's argument that she had authorized automatic debit for the monthly

Bruno Concepción v. Banco Popular de Puerto Rico, et al.
Civil No. 20-1720 (PAD)

payments under the plan and that, therefore, dismissal for the alleged arrears was unwarranted, the fact of the matter is that the Chapter 13 trustee asserted fourteen (14) additional reasons for the dismissal of Appellant's bankruptcy petition. None of these additional justifications for dismissal were addressed by Appellant prior to the Bankruptcy Court's order on dismissal, on reconsideration, or before this Court on appeal. Case No. 19-6453 at Docket No. 31.

### III.   Conclusion

For the foregoing reasons, the undersigned recommends that the United States Bankruptcy Court's orders dismissing Appellant's Chapter 13 petition and denying Appellant's motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure be **AFFIRMED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have **fourteen (14) days** to file any objections to this Report and Recommendation. Failure to file timely and specific objections within the specified time waives the right to appeal this order. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F. 2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 17th day of June 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

17